```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EDGAR CARRASQUILLO,<br><br>               Petitioner,<br><br>   v.<br><br>DAVID S. OWENS, JR.,<br><br>               Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-4600 (JBS)<br><br>**OPINION** |

APPEARANCES:

Edgar Carrasquillo, Petitioner pro se
#4297740
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08101

**SIMANDLE, Chief Judge:**

I.   INTRODUCTION

    Petitioner Edgar Carrasquillo filed an amended Petition for a Writ of Habeas Corpus challenging his confinement at Camden County Correctional Facility ("CCCF"). (Docket Entry 3). For the reasons expressed below, this Court will dismiss the Petition, and no certificate of appealability shall issue.

II.  BACKGROUND

    **A. Procedural History**

    Petitioner filed a petition for writ of habeas corpus on June 29, 2015. (Docket Entry 1). Petitioner did not submit a complete application to proceed *in forma pauperis* or the filing

fee, therefore the Court administratively terminated the petition. (Docket Entry 2). The Court also directed Petitioner to use the form designated by the Clerk for petitions by a person in state custody, 28 U.S.C. § 2254. (Docket Entry 2). Petitioner thereafter submitted an amended petition, wherein he informed the Court he has not yet been convicted of any state offense. (Docket Entry 3). As Petitioner is not in "state custody" for purposes of § 2254, the Court will recategorize this petition as proceeding under § 2241. Based on Petitioner's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*. (Docket Entry 3-1).

### B. Factual Background

Petitioner has been charged over the course of multiple complaints with two counts of third-degree burglary, N.J. STAT. ANN. § 2C:18-2(a)(1); third-degree receiving stolen property, N.J. STAT. ANN. § 2C:20-7(a); second-degree eluding, N.J. STAT. ANN. § 2C:29-2(b); two counts of second-degree aggravated assault, N.J. STAT. ANN. § 2C:12-1(b)(1); two counts of second-degree aggravated assault with a deadly weapon, N.J. STAT. ANN. § 2C:12-1(b)(2); fourth-degree assault by automobile, N.J. STAT. ANN. § 2C:12-1(c)(1); two counts of third-degree endangering an injured victim, N.J. STAT. ANN. § 2C:12-1.2(a); third-degree leaving the scene of an accident resulting in serious bodily injury, N.J. STAT. ANN. § 2C:12-1.1; and four counts of first-

degree attempted murder, N.J. STAT. ANN. § 2C:5-1, 2C:11-3. (Docket Entry 3-2 at 30-40). Based on the documents submitted with the petition, the most serious charges appear to stem from the August 20, 2014 arrest of Petitioner by the Camden County Metro Police Department, during which time Petitioner allegedly fled from police and caused injuries to bystanders and police officers with his car. (Docket Entry 3 at 19; Docket Entry 3-2 at 33-40). Petitioner states during the arrest, police fired nine shots into his car, hitting him once in the back and once in the back of his head. (Docket Entry 3 at 19).

Petitioner argues relief is warranted because the warrants charging him with the most serious offenses were not signed by a judicial officer until the day after his arrest.[1] (Docket Entry 3 at 14). He additionally asserts the police used excessive force against him during his arrest. (Docket Entry 3 at 19).

## III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with

---

[1] Complaints 0408-W-2014-007758; 7761; 7762; and two illegible complaint numbers. (Docket Entry 3-2 at 33-40).

3

a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b*)); see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

**IV.  DISCUSSION**

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.3d at 445-46). Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held

4

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443. Petitioner has neither exhausted his state court remedies, nor made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims.

Petitioner has not yet stood trial on the charges, stating that he is actively "fighting" the cases against him. (Docket Entry 3 at 18). He has filed motions before the Law Division, including a motion to dismiss the complaint based on the arguments set forth in his petition. (*See* Docket Entry 3-2 at 1-29). There is no indication the trial court has ruled on any of his motions, or that Petitioner has pursued any remedy before the New Jersey Appellate Division and Supreme Court. In order to be deemed exhausted "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." *Evans v. Court of Common Pleas,*

*Delaware Cnty., Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992). As Petitioner is in the process of pursuing state court remedies, it would be premature for this Court to intervene at this time.

Furthermore, Petitioner has not demonstrated any extraordinary circumstances warranting federal intervention in his state criminal proceedings. His unlawful arrest claims will still be available to him "as an affirmative defense at trial and thereafter, on appellate review." *Moore,* 515 F.2d at 445. "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore,* 515 F.2d at 449; *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail); This attempt to litigate constitutional defenses prematurely in federal court is improper.

This Court must consider the abstention doctrine as announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, "federal courts must abstain in certain circumstances

6

from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). The Third Circuit has set forth three factors that must be satisfied in order for the *Younger* abstention to apply: "(1) state-court proceedings must be ongoing and judicial in nature; (2) the state-court proceedings must implicate important state interests; and (3) those proceedings must afford an adequate opportunity to raise federal claims." *Hill v. Barnacle*, 523 F. App'x 856, 857–58 (3d Cir. 2013) (per curiam) "If all three prongs of the *Younger* analysis are met, federal courts should abstain unless there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* at 858 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

Petitioner indicates throughout his petition that he is in the middle of defending himself against the complaints. He includes motions that he has filed with the Superior Court of New Jersey with his petition; therefore, his criminal matter is clearly "ongoing and judicial in nature." State criminal proceedings certainly implicate important state interests, and, finally, Petitioner has the opportunity to raise his constitutional claims in pre-trial motions, and in a direct appeal and/or a post-conviction relief petition should the need

7

arise. Petitioner therefore has ample opportunity to present his federal constitutional claims to the state courts. Accordingly, the Court must abstain from interfering with the ongoing state proceedings under *Younger*.

As Petitioner's claims are not properly brought before this Court at this time, the petition shall be dismissed without prejudice.[2] Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), therefore this Court will deny a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**V.   CONCLUSION**

Based on the foregoing, this Court will dismiss the Petition, and a certificate of appealability shall not issue. An accompanying Order will be entered.


 **September 2, 2015**                             **s/ Jerome B. Simandle**
Date                                               JEROME B. SIMANDLE
                                                   Chief U.S. District Judge

---

[2] To the extent Petitioner complains of the use of excessive force during his arrest, that issue is more appropriately brought before this Court in a civil rights complaint pursuant to 42 U.S.C. § 1983 after he has first exhausted the administrative claims procedures of the CCCF.